937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Fredy BOSSHARD, an individual citizen and resident of
Switzerland, Plaintiff-Appellee-Cross-Appellant,
Lusag AG, a Swiss Corporation, Plaintiff-Appellee,
v.
James R. WAGSTAFF, an individual, Defendant-Appellant-Cross-Appellee,
and
Milton Wagstaff Motor Co., Inc., a Utah corporation, doing
business as Wagstaff's House of Toyota, Defendant-Appellee.
 Nos. 90-4062, 90-4068.
 United States Court of Appeals, Tenth Circuit.
 July 16, 1991.
 
 Before McKAY, SETH and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Fredy Bosshard appeals from the district court's order granting a remittitur of damages found by the jury in this diversity action on the claim of interference with existing and potential economic relationships (No. 90-4068). Defendant James R. Wagstaff appeals the jury's verdict and several district court rulings (No. 90-4062). For the reasons that follow we affirm in 90-4062 and reverse and remand in 90-4068.
 
 
 3
 Wagstaff argues in 90-4062 that the district court abused its discretion in denying his motion to dismiss under the doctrine of forum non conveniens. In reviewing the denial of a motion to dismiss on forum non conveniens grounds, this court applies an abuse of discretion standard. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). The defendant bears the burden of proving both an alternative forum and that the case should be dismissed for forum non conveniens. Schertenleib v. Traum, 589 F.2d 1156, 1160 (2d Cir.1978).
 
 
 4
 In this case, Wagstaff agreed to be subject to process in Switzerland. This, combined with the fact that all but the defamation action could have been brought in Switzerland, is sufficient to prove that an alternative forum exists. See Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981).
 
 
 5
 Because an alternative forum is available, it is necessary to consider which forum, Utah or Switzerland, is the most convenient. In doing so, private interest factors must be balanced against the public interest factors which affect the convenience of the forum. de Melo v. Lederle Laboratories, 801 F.2d 1058, 1060 (8th Cir.1986). Although the plaintiff's choice of forum is usually entitled to deference, it is entitled to less deference when the plaintiff is foreign, because there is less reason to assume the plaintiff's choice of forum is a matter of convenience. Piper, 454 U.S. at 255-56.
 
 
 6
 Wagstaff contends that he meets his burden of showing that Switzerland is the appropriate forum because (1) Bosshard took inconsistent positions with regard to the $55,000.00 in this litigation and litigation in Switzerland; (2) Lusag dissolved after bankruptcy; (3) a key witness, Marianne Wyss, secretary of Lusag, was unavailable and only the summarized transcript of her testimony in the related Swiss case was available; (4) very few of Lusag's corporate records were available, because Bosshard claimed Swiss accountants refused to give him the records until he paid their bill; (5) Wagstaff had translation problems; (6) the district court was biased; and (7) the depositions of Hans Fischer and Gunther Schober were read to the jury.
 
 
 7
 Wagstaff fails to show with any specificity how any of these factors affected trial of this case. The evidence presented at trial established conduct in Utah, Germany, Taiwan, and Switzerland. The district court did not abuse its discretion in determining Utah was the appropriate forum.
 
 
 8
 Wagstaff next argues that the district court erred in applying Utah, rather than Swiss, law. The first time Wagstaff presented evidence of Swiss law was in support of his motion for judgment notwithstanding the verdict. The evidence he presented was a 1983 treatise on Swiss law. Because Wagstaff did not make a timely or sufficient showing of Swiss law, we conclude the district court did not err in applying Utah law.
 
 
 9
 Wagstaff also argues that the district court erred in denying his motion to amend his counterclaim. Wagstaff sought to amend his counterclaim to indicate that Bosshard had converted the $55,000.00 loan for his own personal use. The district court determined there was no basis for amendment of the counterclaim.
 
 
 10
 Rule 15(b) provides that leave to amend should be permitted so that the pleadings will conform to the evidence presented at trial. Disallowance of amendment is within the discretion of the district court. See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 n. 6 (10th Cir.1982).
 
 
 11
 Nothing in the record indicates that a formal written motion to amend was ever made. Wagstaff, however, did orally request amendment at the close of trial. Even assuming an appropriate motion was made, nothing in the record supports an amendment to the counterclaim to add an issue of conversion. Accordingly, the district court did not abuse its discretion in denying leave to amend.
 
 
 12
 Wagstaff's final argument involves the sufficiency of the evidence supporting the jury's finding that he intentionally interfered with Bosshard's economic relations and defamed Bosshard. A person charged with interference with economic relations is potentially liable for the loss of benefits under the contract or for consequential losses for which the interference is the legal cause. Sampson v. Richins, 770 P.2d 998, 1006 (Utah Ct.App.), cert. denied, 776 P.2d 916 (1989). The district court found that the jury's damage award on the charge of intentional interference was speculative; therefore, the court granted Wagstaff's motion for a remittitur. Bosshard challenges the remittitur by cross-appeal. Because both Wagstaff and Bosshard's arguments involve the evidence supporting the intentional interference claim, we address their claims together.
 
 
 13
 Our review in this case is limited. From the record on appeal, there is nothing to indicate that the district court allowed Bosshard to choose between accepting the remittitur or a new trial. It is well established that failure to offer the plaintiff this choice encroaches on the jury's right under the seventh amendment to determine damages. See O'Gilvie v. International Playtex, Inc., 821 F.2d 1438, 1447 (10th Cir.1987), cert. denied, 486 U.S. 1032 (1988); Higgins v. Smith Int'l., Inc., 716 F.2d 278, 281 (10th Cir.1983). The district court's error mandates remand for a new trial on the intentional interference claim or, alternatively, to allow Bosshard to accept the remittitur. We agree with Bosshard that sufficient evidence was introduced to support the jury's finding of liability and damages on the defamation claim.
 
 
 14
 These are appeals from D.C. No. 87-C-1021G, the District of Utah. Wagstaff appeals in our number 90-4062 the jury verdict on the several claims against him, and the trial court's judgment. Wagstaff also appeals in 90-4062 evidentiary rulings and rulings on motions. We conclude there was no error in the evidentiary rulings nor on the trial and pretrial motions. We also conclude there was no error in the judgment on the verdict except as to the cause or claim for intentional interference with contract and business relationships.
 
 
 15
 Bosshard cross-appeals the remittitur ordered by the trial court on the jury verdict rendered on the cause or claim of Bosshard as to intentional interference with business relations and contracts. Bosshard asserts that it was error to so reduce the jury award on this claim.
 
 
 16
 We must conclude, AND SO ORDER, that the judgment be REVERSED and REMANDED insofar as it ordered the remittitur on the verdict for intentional interference. On remand, Bosshard may either choose to accept the remittitur or request a new trial be held on the liability and damage issues on the intentional interference claim. The judgment is otherwise AFFIRMED. IT IS SO ORDERED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3