# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2794

_____

Estate of I.E.H.

*Plaintiff*

Ahmad Hersh, individually and as surviving parents of I.E.H., deceased; Muna
Omer, individually and as surviving parents of I.E.H., deceased

*Plaintiffs - Appellants*

v.

CKE Restaurants, Holdings, Inc.

*Defendant - Appellee*

Hardee's Food Systems, Inc.

*Defendant*

Hardee's Restaurants, LLC

*Defendant - Appellee*

Amman Hardee's Branch; John Doe, jointly and severally

*Defendants*

Hardee's Food Systems, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 16, 2020
Filed: April 28, 2021

_____

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.

_____

SMITH, Chief Judge.

At a Hardee's restaurant in Amman, Jordan, I.E. Hersh, a six-year-old boy, touched an exposed, electrified wire. I.E. was electrocuted and died. His parents sued the defendants (collectively, "Hardee's") in the District Court for the Eastern District of Missouri. After 18 months of litigation, Hardee's moved for dismissal based on the doctrine of forum non conveniens. The district court granted the motion, dismissing the case. I.E.'s parents appealed. We reverse the district court's dismissal and remand for further proceedings.

## I. *Background*

In July 2015, I.E. and his parents, Ahmad Hersh and Muna Omer, entered a Hardee's restaurant in Amman, Jordan. During their visit, I.E. played on the restaurant's indoor playground. While playing, he touched an exposed, electrified wire. The electrocution killed I.E. Jordanian officials brought criminal charges against two employees of the Amman restaurant and its owner, Tourist Projects and International Restaurants Company ("Tourist Projects"). No criminal charges were brought against the defendants in this case.

Tourist Projects is a Hardee's franchisee. Unlike Tourist Projects, the defendants in this federal lawsuit are all American entities. CKE Restaurants Holdings, Inc., is the parent holding company for the Hardee's franchise and other franchised restaurant brands. Hardee's Food Systems, LLC, is the licensor for Hardee's franchise restaurants and provides financial and management services to Hardee's franchisees. And Hardee's Restaurants, LLC, is the franchisor for Hardee's restaurants.

On July 20, 2017, Hersh and Omer filed suit against Hardee's in the Eastern District of Missouri, its home district at the time. The complaint notified Hardee's that I.E.'s death had occurred in Jordan and that Jordanian officials had pressed criminal charges against some employees of the Amman restaurant and the owner of the Amman restaurant. The case proceeded to discovery. Near the end of the discovery period, the plaintiffs filed a motion to compel discovery, which the district court never ruled on. Discovery ended on January 1, 2019.

On January 18, 2019—18 months after the case had begun—Hardee's moved for the case to be dismissed based on the doctrine of forum non conveniens. It argued that Jordan was a more appropriate forum. The district court granted the motion and dismissed the case in July, agreeing that Jordanian courts would be more suitable. Hersh and Omer now appeal the dismissal order.

## II. *Discussion*

On appeal, Hersh and Omer make three arguments. First, they argue that the district court erred by dismissing the case based on the doctrine of forum non conveniens because the motion Hardee's filed was untimely. Second, they contend that the district court erred when it granted the motion because Hardee's relied on an affidavit regarding Jordanian law by someone it did not disclose as an expert. Third, they assert that the district court erred by not ruling on their motion to compel discovery before dismissing the case.

We review the district court's dismissal based on the doctrine of forum non conveniens for an abuse of discretion. *EFCO Corp. v. Aluma Sys. USA, Inc.*, 268 F.3d 601, 603 (8th Cir. 2001). This circuit has not addressed the timeliness requirement for motions to dismiss based on forum non conveniens. We have, however, previously explained that application of the doctrine involves a two-part analysis. *de Melo v. Lederle Labs., Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1060 (8th Cir. 1986). Courts first determine whether an adequate alternative forum exists and then weigh private- and public-interest factors to determine whether dismissal is appropriate. *Id.* The "balance [of factors] reflects the central purpose of the forum non conveniens inquiry: to ensure that the trial is held at a convenient situs." *Id.* at 1062 (emphasis omitted).

The private-interest factors include:

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [*sic*] of a judgment if one is obtained. . . .

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 597 (8th Cir. 2011) (alterations in original) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The public-interest factors include consideration of the following:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized

-4-

controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* (quoting *Gilbert*, 330 U.S. at 508–09).

Even though we review for an abuse of discretion, the "[e]mphasis on the district court's discretion . . . must not overshadow the central principle of [Supreme Court precedent] that 'unless the balance [of these factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Reid-Walen v. Hansen*, 933 F.2d 1390, 1394 (8th Cir. 1991) (first and second alterations in original) (quoting *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 342 (8th Cir. 1983)). Even so, "a foreign plaintiff's choice deserves less deference" than a resident plaintiff's choice because the assumption that the foreign plaintiff's forum choice is convenient "is much less reasonable." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). But resident plaintiffs are given only "*somewhat* more deference than foreign plaintiffs." *Id.* at 256 n.23 (emphasis added).

This two-part analysis does not explicitly address timeliness. Our sister circuits take varying approaches to timeliness. For example, the Fifth Circuit analyzes timeliness as a private-interest factor. *Trivelloni-Lorenzi v. Pan Am. World Airways* (*In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*), 821 F.2d 1147, 1165 (5th Cir. 1987), *vacated on other grounds*, 490 U.S. 1032 (1989); *see also Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 384–85 (5th Cir. 2004) (addressing timeliness as a private-interest factor). And the Third Circuit categorizes timeliness as both a private- and public-interest factor. *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 613 (3d Cir. 1991) (explaining that the timeliness "consideration goes to both private concerns . . . and public ones").

On the other hand, the Sixth Circuit seems to analyze timeliness as an independent hurdle, requiring a motion to dismiss based on forum non conveniens to be made within a reasonable time after the party learned the facts that give rise to the motion. *Rustal Trading US, Inc. v. Makki*, 17 F. App'x 331, 337–38 (6th Cir. 2001) (analyzing timeliness separately from the private- and public-interest factors).

We do not decide today which of these approaches to adopt. Under either, Hardee's filed a motion that was sufficiently untimely to warrant reversal. For 18 months, Hardee's knew the essential facts supporting its motion to dismiss. In its motion to dismiss, Hardee's argued that Jordan was the proper forum because I.E. died in Jordan, the Amman restaurant was in Jordan, the relevant documents and witnesses were in Jordan, many of the documents were in Arabic, many of the witnesses spoke only Arabic, the district court could not compel witnesses to attend trial, Hardee's could not implead third parties, there was local Jordanian interest in the lawsuit, Jordanian law would likely apply to the case, and a Missouri jury would be unnecessarily burdened by the case. These arguments essentially stem from one essential fact: I.E. died from events and allegedly negligent actions in Jordan.

But Hardee's learned that I.E. died in Jordan when Hersh and Omer filed their complaint. Discovery did not raise new facts relevant to its motion. *See Lony*, 935 F.2d at 614 (holding "that whenever discovery in a case has proceeded substantially . . . , the presumption against dismissal on the grounds of forum non conveniens greatly increases" (emphasis omitted)). Thus, if Missouri were truly an inconvenient forum for Hardee's to defend against a lawsuit from Jordanian plaintiffs, Hardee's should have moved to dismiss within a reasonable time. We rest our decision on the principal purpose of the forum non conveniens doctrine: "ensur[ing] that the trial['s] [location] is convenient." *Reid-Walen*, 933 F.2d at 1395 (quoting *Piper Aircraft*, 454 U.S. at 256); *see also Forum Non Conveniens*, *Black's Law Dictionary* (10th ed. 2014) (explaining that a court with jurisdiction "may divest itself of jurisdiction if, for the convenience of the litigants and the witnesses, it appears that the action should

proceed in another [competent] forum").[1] This purpose is served by at least three considerations.

First, encouraging parties to file motions to dismiss based on forum non conveniens at an earlier stage of litigation promotes judicial economy. Parties will spend less time, costs, and efforts in front of a court that will ultimately dismiss the case. *Cf. Sinochem*, 549 U.S. at 435 (explaining that "[j]udicial economy is disserved by continuing litigation" when a district court would "inevitably . . . dismiss the case [based on] . . . forum non conveniens" (emphasis omitted)).

Second, when a party spends substantial time in a forum before moving to dismiss based on forum non conveniens, it belies the claim that the forum is truly inconvenient. As the District of Columbia Circuit has said, "[T]he longer litigation continues in a U.S. court and the parties incur expenses before the defendant moves to dismiss on forum non conveniens grounds, the less the defendant can legitimately claim that litigation in a U.S. forum is so inconvenient as to be oppressive or harassing." *Shi v. New Mighty U.S. Tr.*, 918 F.3d 944, 948 (D.C. Cir. 2019) (emphasis omitted). In short, "a defendant's dilatoriness [would] promote[] and allow[] the very incurrence of costs and inconvenience the doctrine is meant to relieve." *Id.* (quoting *In re Air Crash*, 821 F.2d at 1165).

---

[1] *See also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (explaining that "the doctrine of forum non conveniens" allows federal courts to "dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy" (emphasis omitted)); *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1340 (11th Cir. 2020) (calling convenience the "central purpose" of the forum non conveniens doctrine); *Yavuz v. 61 MM, Ltd*, 576 F.3d 1166, 1172 (10th Cir. 2009) (same); *U.S.O Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 753 (7th Cir. 2008) (same); *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154 (2d Cir. 2005) (same).

Third, considering the timeliness of a motion to dismiss based on forum non conveniens prevents defendants from engaging in impermissible gamesmanship. Otherwise, defendants could keep an ace up their sleeve by adopting a wait-and-see approach, asserting forum non conveniens only after they have determined that litigation in a U.S. court is going poorly. *Cf. Gonzalez v. Thaler*, 565 U.S. 134, 148 (2012) (explaining that there is gamesmanship when a "party could sit on the fence, await the outcome, and opt to participate [in the case] only if it was favorable [to the party]").

Here, the assertion that Missouri is an inconvenient forum for Hardee's rings hollow because of its long delay in filing its motion to dismiss based on forum non conveniens. Under these facts, the motion should have been filed earlier than 18 months after Hersh and Omer filed their complaint and earlier than the end of the discovery period prior to trial. Hardee's knew the facts providing the basis for its motion to dismiss from the outset of the case. This is true whether we view timeliness as an independent inquiry or as an interest factor.

## III. *Conclusion*

Because we find that the motion Hardee's filed was untimely, we need not decide the other issues presented. Instead, we reverse the district court's dismissal based on the doctrine of forum non conveniens and remand for further proceedings consistent with this opinion.

_____