## United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1385

_____

Craig Dibble

*Plaintiff - Appellant*

v.

Torax Medical, Inc.; Ethicon, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 23, 2024
Filed: August 7, 2025

_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

This appeal centers on whether a product liability lawsuit should be litigated in Minnesota or the United Kingdom. A foreign citizen who had a medical device implanted in the United Kingdom but later surgically removed in the United States, sued the device's manufacturer, which was based in Minnesota during the time of the complained-of conduct, and the manufacturer's parent company, which is based in New Jersey. The manufacturer and parent company moved to dismiss the lawsuit

based on *forum non conveniens*, a doctrine that ensures a trial is held in a convenient forum, and argued the case should be litigated in the United Kingdom. Weighing all contacts that occurred outside Minnesota in favor of the United Kingdom, the district court agreed, dismissed the lawsuit with prejudice, and denied the plaintiff the opportunity to amend his complaint. We reverse and remand for the district court to conduct a new *forum non conveniens* analysis, holding defendants to their proper burden of persuasion and appropriately weighing the relevant factors.

## I. Background

Craig Dibble was born in the United Kingdom and is a resident of Japan. He underwent an operation in the United Kingdom to install a medical device manufactured by Torax Medical, Inc., which is a subsidiary of Ethicon, Inc. Dibble alleges the device eventually failed and that he then traveled to Colorado where a surgeon removed the failed device and implanted a new one. Dibble alleges the new device also failed to provide adequate relief. Dibble underwent additional testing and monitoring in Thailand. Ultimately frustrated by the device's performance, Dibble sued Torax and Ethicon (collectively, Defendants) for negligence and strict liability. He filed these claims in the United States District Court for the District of Minnesota, where Torax was based before Dibble's lawsuit.

Defendants did not dispute that jurisdiction and venue were proper, but moved to dismiss based on *forum non conveniens*. Without submitting additional information, they argued the case should be litigated in the United Kingdom. Dibble opposed the motion, contending the case belonged in the United States and that the United Kingdom was not a convenient forum. In addition to the facts stated in his complaint showing connections to the United States, Dibble asserted certain connections to Minnesota in his response brief. Dibble primarily argued there was evidence showing that Torax's principal place of business was in Minnesota during the complained-of conduct and that key witnesses involved in the marketing, designing, and manufacturing of the device would be found in the United States. He also emphasized the importance of his Colorado surgery, which removed the

allegedly defective device, and he pointed out that Defendants' businesses operated in New Jersey and Ohio. In his brief, he also requested leave to amend the complaint for the first time "to clarify and allege in even more detail the links between the United States and the circumstances at issue" if the court were "inclined to grant defendants' motion."

The court then held a non-evidentiary hearing for the parties to argue which forum was proper. At the hearing, Dibble further argued the case belonged in Minnesota because actions and decisions relevant to his claims were executed by Torax while in Minnesota. Meanwhile, Defendants contended the "case's connection to Minnesota" was "minimal" and that the court was "constrained" to what was "pled in the complaint." Defendants "urge[d the court] to stick with the facts as pled in the complaint" and asserted that "any amendment to the complaint in order to create a stronger connection to Minnesota would be futile."

The district court granted the motion and dismissed Dibble's case with prejudice. In doing so, it "decline[d] Dibble's request to amend his complaint to add more facts tying this case to Minnesota," explaining that "[t]he record and the arguments made at the hearing in this matter convince[d] the court that such an amendment would be futile."

Following the district court's decision, Dibble requested permission to file a motion to reconsider. The district court denied Dibble's request. Dibble now appeals and challenges the court's dismissal based on *forum non conveniens* and the denial of his opportunity to amend.

## II. Analysis

"The doctrine of *forum non conveniens* allows a court to decline to exercise jurisdiction and dismiss a case where that case would more appropriately be brought in a foreign jurisdiction." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 597 (8th Cir. 2011). The "central purpose of any *forum non conveniens* inquiry is

to ensure that the trial is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). But a court may apply the doctrine "only in 'exceptional circumstances.'" *K-V Pharm. Co*, 648 F.3d at 597 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). Thus, "[a] defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

The *forum non conveniens* inquiry "involves a two-part analysis." *Est. of I.E.H. v. CKE Rests., Holdings, Inc.*, 995 F.3d 659, 663 (8th Cir. 2021). First, a court must determine whether there is an available and adequate alternative forum. *See de Melo v. Lederle Lab'ys, Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1060 (8th Cir. 1986); *Reid-Walen v. Hansen*, 933 F.2d 1390, 1393 n.2 (8th Cir. 1991). Second, the court must "balance the private interest factors, which affect the convenience of the litigants, and the public interest factors, which affect the convenience of the forum." *de Melo*, 801 F.2d at 1062. The private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [*sic*] of a judgment if one is obtained.

*Est. of I.E.H.*, 995 F.3d at 663 (alteration in original) (quoting *K-V Pharm. Co.*, 648 F.3d at 597). The public interest factors include consideration of administrative difficulties for the forum court, the local public's interest in the controversy, and whether the forum's law will govern the case. *See id.*

We review a district court's *forum non conveniens* determination for abuse of discretion. *Id.* at 662–63. A district court may abuse its discretion when it "fails to consider one or more of the important private or public interest factors, does not hold

the defendants to their burden of persuasion on all elements of the forum non conveniens analysis, or has clearly erred in weighing the factors the court must consider." *Reid-Walen*, 933 F.2d at 1394.

We conclude the district court abused its discretion by failing to hold Defendants to their proper burden of persuasion on all elements of the analysis. It is true that the district court correctly pointed out that "a foreign plaintiff's choice deserves less deference" than a plaintiff suing in his home state. *Piper Aircraft*, 454 U.S. at 256. But it failed to acknowledge precedent from the Supreme Court and this court explaining motions to dismiss for *forum non conveniens* should not be lightly granted.

"Even though we review for an abuse of discretion, the emphasis on the district court's discretion must not overshadow the central principle of Supreme Court precedent that unless the balance of these factors is strongly in favor of the defendant, the plaintiff's choice of forum *should rarely be disturbed*." *Est. of I.E.H.*, 995 F.3d at 663 (cleaned up) (emphasis added). Though "'a foreign plaintiff's choice deserves less deference' than a resident plaintiff's choice because the assumption that the foreign plaintiff's forum choice is convenient 'is much less reasonable,' . . . resident plaintiffs are given only '*somewhat* more deference than foreign plaintiffs.'" *Id.* (quoting *Piper Aircraft*, 454 U.S. at 256 & n.23).

Regardless of the amount of deference owed to the plaintiff, defendants have the burden — typically a heavy burden — to establish that dismissal is warranted based on *forum non conveniens*. *See Reid-Walen*, 933 F.2d at 1393. The defendant must carry the burden "because of the 'harsh result' of that doctrine." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66 n.8 (2013) (brackets omitted) (quoting *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)). Applying the doctrine results in dismissal of the case, which "inconveniences plaintiffs in several respects and even 'makes it possible for plaintiffs to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate.'" *Id.* (brackets omitted) (quoting *Norwood*, 349 U.S. at 31). Thus, although "extensive

investigation" is not required for a *forum non conveniens* inquiry, "defendants must provide enough information to enable the District Court to balance the parties' interests." *Piper Aircraft*, 454 U.S. at 258. Indeed, in some circumstances, other "adequate factual proof" may be "necessary to carry [defendants'] burden of persuasion on some of the private and public interest factors." *See Reid-Walen*, 933 F.2d at 1401. Here, Defendants did not present additional information to the district court, and we are not convinced the district court held Defendants to their burden of persuasion on all elements of the *forum non conveniens* analysis based on the record.

Our concern is further illustrated by how the district court weighed the relevant interest factors. In dismissing with prejudice and denying Dibble's request to amend, the district court reasoned that "[m]ost if not all of the facts underlying this case occurred in the UK or elsewhere outside of Minnesota – Japan, Colorado, Thailand." It explained that "[a]s such, relevant documents and witnesses will be found outside of Minnesota." Later in its analysis, it again reasoned that "most if not all of the material facts occurred in the UK or elsewhere outside of Minnesota." We agree with Dibble that the district court erred when it viewed all evidence outside Minnesota as weighing in favor of the United Kingdom. "The district court should have analyzed the forum non conveniens question by looking at all contacts between the case and the whole United States." *See Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1271 (11th Cir. 2009).

Dibble's treatment in Colorado and Defendants' operations in New Jersey and Ohio do not weigh more in favor of litigating the case in the United Kingdom than litigating the case in Minnesota. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 878 (6th Cir. 2006) ("The cost of obtaining willing witnesses' attendance weighs in favor of keeping this trial in the U.S. forum because witnesses in the U.S. and Canada can travel more cheaply to the U.S. forum than to Argentina."). Likewise, while maybe a closer call, it is not clear that contacts in Thailand and Japan should weigh in favor of the United Kingdom as opposed to weighing neutrally. The district court's analysis was flawed because it automatically weighed all contacts outside Minnesota in favor of the United Kingdom. Thus, we reverse and remand to the district court

so that it may conduct a new *forum non conveniens* analysis, holding Defendants to their proper burden of persuasion on all elements and appropriately weighing the relevant factors it must consider.

### III.  Conclusion

For the foregoing reasons, we reverse and remand.

LOKEN, Circuit Judge, dissenting without opinion.

_____