A.A. KELLY, J. Harvey Cameron, and James W. Gentry, Jr., All Residents of the State of Tennessee, Plaintiffs-Appellees,

v.

Harold Alan SCHWARTZ, Jr., a Resident of the State of Tennessee: Norman Kapner, a Resident of the State of Florida: Josef Schwyter, Executor of the Estate of Francis Burbank Witte, a Resident of the State of Florida: and G. Dayton Rollins, a Resident of the State of New Jersey, Defendants-Appellees,

Dudley W. Taylor, Commissioner of Revenue for the State of Tennessee and Successor to Kathryn B. Celauro and John King, Intervenor-Appellant.

Supreme Court of Tennessee, at Nashville.

Nov. 23, 1987.

W.J. Michael Cody, Atty. Gen. and Reporter, Charles L. Lewis, Deputy Atty. Gen., William E. Young, Asst. Atty. Gen., Nashville, for appellant.

James E. Griffin, Clinton H. Swafford, Swafford, Peters & O'Neal, Winchester, for appellee, William T. Griffin.

## OPINION

COOPER, Justice.

The primary issue in this case is whether the interest of Francis B. Witte in a Florida trust, consisting of real property in Tennessee, is an interest in real property and subject to Tennessee's inheritance tax, or whether it is intangible personal property and not subject to the tax. The chancellor held that the interest in question is intangible personal property not subject to tax, and dismissed the State's inheritance tax claim. We are of the opinion that the classification of the Witte beneficial interest as intangible personal property is in error, and that the transfer of the Witte beneficial interest, by will, is subject to the Tennessee inheritance tax.

Francis B. Witte, a resident of the State of Florida, died testate on March 6, 1975. At the time of his death, he owned a beneficial interest in a trust created in the State of Florida. The corpus of the trust was approximately 11,900 acres of land in Franklin and Marion Counties, Tennessee. The Witte Estate was subsequently administered in Florida. William T. and Pearl Griffin acquired the Witte Estate's interest in the trust from the executor of the estate. The corpus of the trust was subsequently sold, and the Clerk and Master of the Chancery Court of Franklin County retained part of the money realized from the sale to bond the Commissioner of Revenue's asserted inheritance tax claim against the interest of the Francis B. Witte Estate in the land trust.

The interest in the Witte Estate is defined in the Declaration of Trust executed by George M.D. Lewis and his wife in Florida in 1958. It recites that Mr. Lewis held title to the 11,900 acres of land in Tennessee as trustee for the named beneficiaries, who owned stated percentages. Mr. Witte was listed as owning a ten percent interest as was Mr. Lewis. It is further recited in the declaration that the beneficiaries provided the money used in the

purchase of the land. The Declaration of Trust granted Mr. Lewis the power to "deal with the property in connection with the leasing, operating or developing the land and the timber and the minerals," but he could not sell or mortgage the property except with the approval or the majority of beneficial owners. The maximum life of the trust was to be 21 years; however, the trust could be terminated "at any time upon the request of a majority of the [beneficial owners], in accordance with their percentages of ownership." On termination, the trustee was to convey the property to the beneficial owners in accordance with their percentage of interest.

At the time of Witte's death, T.C.A. § 30–1602(a)[1] imposed a tax upon all transfers enumerated in § 30–1601[2] if such transfers were made by will. T.C.A. § 30–1601 provided in pertinent part as follows:

> A tax is imposed for the general uses of the state, …, upon transfers, in trust or otherwise, of the following property, or any interest therein or accrued income therefrom:

> \*   \*   \*   \*   \*   \*

> (b) When the transfer is from a nonresident of this state.

> (1) Real property situated within this state.

> (2) Tangible personal property which has an actual situs within this state.

The State contends that the beneficial interest in the land trust held by Witte at the time of his death was real property and subject to the inheritance tax. Griffin argues and the chancellor held that it is an intangible interest in personal property and is not subject to the tax.

As a general rule, in the case of an ordinary trust, if the trust property is real property then the interest of the beneficiaries is considered to be real property. See 2A Scott, The Law of Trusts, § 130.1 (4th ed. 1987); Bogert, The Law of Trusts and Trustees, § 187 (Revised 2d ed. 1979); Restatement (Second) of Trusts, § 130(b).

Tennessee follows this general rule. See Wheless v. Wheless, 92 Tenn. 293, 21 S.W. 595 (1893), Mullins v. Evans, 43 Tenn.App. 330, 308 S.W.2d 494 (1957).

In Wheless v. Wheless, 92 Tenn. 293, 21 S.W. 595 (1893), land was purchased in the name of a trustee, the purchase money being supplied by the beneficiaries. The trustee was directed to hold and manage the land on behalf of the beneficiaries and to resell the land upon the written direction of a majority in value of the beneficial owners. On the death of one of the beneficiaries intestate, the widow, relying on the doctrine of equitable conversion, claimed that the beneficiaries' interest in the trust should pass to her as personalty rather than to the beneficiary's heirs as realty. The court held against the widow, reasoning that the interest of the beneficiaries of the trust was realty. The court noted that the doctrine of equitable conversion was inapplicable since the trust itself evidenced that the beneficiaries "intended the land to be held as realty until actually sold and turned into money." Wheless, supra 21 S.W. at 598. Similar reasoning, also addressing the issue of equitable conversion, was employed in Mullins v. Evans, 43 Tenn.App. 330, 308 S.W.2d 494, 498 (1958), wherein the court pointed out

> The creation of a trust did not effect a conversion from realty to personalty but only converted the title and ownership of Mrs. Evans [the decedent] from legal to equitable.

Griffin argues that the general rule of classification of trust property is not applicable to the interest of the beneficiaries in this case. The gravamen of the argument is that the Declaration of Trust is defective as evidence of any interest in real estate, and that it does no more than give the beneficiaries a cause of action against the trustee for the violation of the terms of the Declaration of Trust.

■ As is pointed out by the State, the validity of the trust was decided by the Chancery Court of Franklin County in this case and the cases of Lewis v. Square

---

1. Now codified as § 67–8–304(1).

2. Now codified as § 67–8–303.

*Enterprises, Inc.* and *Griffin v. Lewis*. All three of these cases raised questions regarding the interpretation of the Declaration of Trust. Griffin, who had acquired a twenty-one percent interest in the corpus of the trust by purchasing the interest of the Witte Estate and one other beneficiary, was a party to the proceedings and expressly questioned the validity of the declaration. In upholding the validity of the trust and the sale of the corpus of the trust, the chancellor stated that:

> If Lewis were derelict in creating a trustee in the State of Tennessee, so were the beneficiaries, and none of them have ground to object or ask that the trust be declared void because of the failure to appoint a co-trustee in the State of Tennessee. The trust might be subject to attack from the State if it were not sufficient to comply with the laws for tax purposes, for example, but it cannot be attacked by a participating beneficiary. The interest of the trust beneficiaries is subject to transfer, but in the particular instance, Mr. Griffin does not stand in any greater shoes than the original beneficiary.

The chancellor went on to hold that "the original parties or any who stand in their shoes are estopped from questioning the validity of the trust agreement into which they entered as well as estopped from objecting to their failure to appoint a co-trustee in the State of Tennessee. This finding is the law of this case and is binding upon Griffin.

Further, Griffin in his answer to the State's intervening complaint asserted that the late Francis B. Witte held a beneficial interest in the estate, that Griffin acquired that interest from the executor, and that the interest constitutes intangible personal property. The position he now takes on appeal that the effectiveness of the "so-called trust agreement" is limited to the parties is not in accord with the chancellor's holding and is a contradiction of the position taken below.

■ Griffin also argues that the trust is an "Illinois land trust" that creates only an interest in personal property for the beneficiaries. The "so-called Illinois land trusts" have not been recognized in Tennessee. Furthermore, the Declaration of Trust in this case does not meet the requisites of an Illinois land trust as it neither expressly places the whole legal or equitable title in the trustee, nor expressly states that the beneficial interest is personalty. *See, e.g., Duncanson v. Lill,* 322 Ill. 528, 153 N.E. 618 (1926); *Chicago Federal Savings & Loan Ass'n,* 33 Ill.App.2d 888, 178 N.E.2d 888 (1961).

■ Finding nothing in the Declaration of Trust in this case that takes it out of the ordinary or effects a conversion of the corpus of the trust from realty to personalty, it follows that Francis Witte's interest in the Declaration of Trust, now held by Mr. Griffin, was a real property interest in land located in Tennessee. When Mr. Witte died testate, that interest was subject to Tennessee's inheritance tax. *See* T.C.A. § 30–1601(b)(1).

T.C.A. § 30–1622 specifically states that the "tax imposed by §§ 30–1601—30–1637 shall be and remain a lien upon the property transferred, and upon all property acquired by the representative of the estate or transferees, in exchange or substitution therefor, from the date of decedent's death, until the same is paid." Under this statute, the lien for inheritance tax attached to the Witte Estate's beneficial interest in the land trust and followed that interest when it was transferred to Mr. and Mrs. Griffin. On sale of the corpus of the trust, the lien became attached to funds representing the sale of the Witte interest.

The judgment of the chancery court dismissing the State's inheritance tax claim against the Witte Estate is reversed. Judgment will be entered granting the State a judgment for the inheritance tax, interest and penalty due from the transfer, by will, of the Witte beneficial interest in the corpus of the trust. The cause will be remanded to the Chancery Court of Franklin County for a determination of the total amount of tax, interest and penalty due, and for payment from funds from the sale

of the Witte property interest now in the registry of that court.

HARBISON, C.J., and FONES, DROWOTA, and O'BRIEN, JJ., concur.