

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JOSE RABAGO, et al., | ) | No. ED107163 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 16SL-CC00482 |
| | ) | |
| KANSAS CITY SOUTHERN, INC., et al. | ) | Honorable Ellen H. Ribaudo |
| | ) | |
| Respondents. | ) | Filed: October 15, 2019 |

Before Gary M. Gaertner, Jr., P. J., Lisa P. Page, J., and Robin Ransom, J.
PER CURIAM.

## Opinion

Jose Rabago, et al., ("Appellants") appeal from the judgment of the trial court dismissing their civil case against Kansas City Southern, Inc. ("KCS"), Kansas City Southern de Mexico, S.A. ("KCSM"), and Kansas City Southern Railway Company ("KCSR") (together, "Defendants") under the doctrine of *forum non conveniens*. The trial court did not abuse its discretion in finding Missouri to be an inconvenient forum. However, the trial court did abuse its discretion in finding Mexico to be an available forum, in light of Defendants' indication that they would challenge Mexico's jurisdiction over certain Appellants' claims as past the Mexican statute of limitations, when the claims are not precluded by Missouri law. We reverse and remand in accordance with this opinion.

## Background

On February 13, 2015, a freight train owned by KCSR and operated by KCSM collided with a bus at a railroad crossing in Anahuac, Nuevo Leon, Mexico, resulting in the injury or death of multiple passengers, all Mexican citizens.  In February 2016, fourteen Appellants filed a petition for compensatory and punitive damages in Missouri against Defendants, asserting claims of negligence, wrongful death, and alter-ego liability.  Appellants alleged KCS is a transportation holding company incorporated in Delaware with its headquarters in Missouri that owns and controls railroad investments in the United States of America and in Mexico, including, as relevant to this appeal, KCSR and KCSM.  Appellants argued KCS exercised such control and dominion over KCSR and KCSM that the three companies should be treated as a single entity.  Because KCS and KCSR are Missouri Corporations, Appellants asserted venue was proper and convenient in Missouri pursuant to Section 508.010.5(3), RSMo. (cum supp. 2016).

Defendants raised the issue of *forum non conveniens* in their answers to Appellants' original petition as a defense.[1]  On January 27, 2017, KCS and KCSR filed a motion to dismiss for *forum non conveniens*, arguing Mexico was a more convenient forum because the cause of action accrued in Mexico and all witnesses were located in Mexico.  KCS and KCSR requested an evidentiary hearing after an opportunity to conduct discovery on the matter.  On January 12, 2018, over forty-five additional Appellants filed a motion for leave to intervene for joinder as plaintiffs, which Defendants opposed as time-barred under Mexico's two-year statute of limitations for personal injury cases.  After a hearing, the trial court granted the motion for leave to intervene for joinder.  In their subsequent Third Amended Petition, Appellants re-asserted their claims of negligence, wrongful death, and alter-ego liability.

---

[1] While Defendants' answers were not included in the appellate record, the parties agreed during oral arguments that the doctrine of FNC was raised as a defense from the beginning of the case.

2

In March 2018, Defendants each filed another motion to dismiss for *forum non conveniens*. After an evidentiary hearing, the trial court granted Defendants' motions and dismissed Appellants' Third Amended Petition. The trial court found that forum in Missouri was inconvenient because it would be oppressive to Defendants and would place an undue burden on Missouri courts, and that Mexico was an available forum. This appeal follows.

Discussion

In their sole point on appeal, Appellants argue the trial court abused its discretion in granting Defendants' motions to dismiss on the basis of *forum non conveniens* because Defendants failed to meet their burden to show Appellants' venue choice was manifestly inconvenient for them or that there was an available and adequate alternative forum to hear Appellants' claims. We agree.

The trial court has great discretion in determining whether a forum is convenient and another more appropriate forum is available, and we review the court's ruling on a motion for *forum non conveniens* merely for an abuse of that discretion, viewing the evidence in the light most favorable to the ruling. *Anglim v. Mo. Pac. R.R. Co.*, 832 S.W.2d 298, 302-03 (Mo. banc 1992); *Chandler v. Multidata Sys. Int'l Corp.*, 163 S.W.3d 537, 546 (Mo. App. E.D. 2005). An abuse of discretion occurs when the trial court's ruling is so against the logic of the circumstances or is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Chandler*, 163 S.W.3d at 546. When, however, reasonable persons could differ about the propriety of the action taken by the trial court, we will not find an abuse of discretion. *Id.*

The doctrine of *forum non conveniens* permits a trial court to dismiss an action "when the facts of the case show substantial inconvenience" and "so long as there is an alternate forum

3

available," even if venue and jurisdiction are proper. *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189, 191, 194 (Mo. banc 1992). Initially, we note Appellants argued during oral arguments that the trial court abused its discretion in dismissing their petition under a theory of *forum non conveniens* without first addressing Section 508.010.5(3), which provides that when a plaintiff is injured in a foreign country in connection with railroad operations, venue is proper where the defendant's registered agent is located: here, St. Louis County. However, the propriety of venue is a separate inquiry from the trial court's application of the doctrine of *forum non conveniens*. While a plaintiff may bring suit in any venue allowed by law, the right of choice is not absolute, and the suit is subject to dismissal if it is filed in a forum that is manifestly inconvenient. *See Besse v. Mo. Pac. R.R. Co.*, 740 S.W2d 721, 742 (Mo. banc 1986). The trial court was not required to consider the issue of venue in determining whether the requested forum was convenient and thus did not abuse its discretion in failing to address Section 508.010.5(3) in its judgment.

In determining whether to apply the doctrine of *forum non conveniens*, trial courts are directed to consider six main factors: (1) the place of accrual of the cause of action, (2) the location of witnesses, (3) the residence of the parties, (4) any nexus with the place of suit, (5) the public factor of the convenience to and burden upon the court, and (6) the availability to Appellants of another court with jurisdiction over the cause of action that would afford a forum for remedy. *Anglim*, 832 S.W.2d at 302 (citing *State ex rel. Chicago, Rock Island & Pac. R.R. Co. v. Riederer*, 454 S.W.2d 36, 39 (Mo. banc 1970)). The trial court is not required to give primary consideration to any one factor but is tasked with weighing the evidence and credibility of the witnesses in making its determination depending on the individual facts of each case. *See id.* at 302-03. Further, in cases brought by foreign nationals where the bulk of the operative facts

4

took place in a foreign nation, less deference is afforded the plaintiff's choice of forum. *Acapolon*, 827 S.W.2d at 192. In the situation where the injury is caused in a foreign country to a non-U.S. citizen, the consensus is that "a case with substantial international factors is best litigated in the venue in which the preponderance of the operative facts took place." *Id.* at 194. Nevertheless, "[i]n determining whether a foreign forum is available, consideration must be given to whether the foreign forum could and would adjudicate the controversy." *State ex rel. Rashid v. Drumm*, 824 S.W.2d 479, 504 (Mo. App. E.D. 1992). The doctrine of *forum non conveniens* is appropriate only where there is "an alternate forum available." *Acapolon*, 827 S.W.2d at 194.

The trial court analyzed each of the six factors in a very thorough judgment. While the record supports the trial court's conclusion that Missouri is an inconvenient forum, the record did not show another forum was available to *all* Appellants, due to Defendants indication that it would challenge Mexico's jurisdiction over the Appellants who joined the suit in January 2018 as past Mexico's statute of limitations for personal injury cases.

Regarding the trial court's conclusion that Missouri was substantially inconvenient, we agree the first five favors all favor dismissal pursuant to the doctrine of *forum non conveniens*. First, the claim accrued in Mexico because the damage occurred there. *See Chandler*, 163 S.W.3d at 550. Appellants sought damages for alleged negligence and wrongful death stemming from the 2015 accident that occurred in Mexico, injuring or killing Mexican citizens, and involving a bus owned and operated by a Mexican company and a train operated by a Mexican company that is the subsidiary of a U.S. company. While Appellants argue on appeal that KCS's corporate control of KCSM and KCS policies "accrued" in Missouri, this Court has previously rejected the similar argument that a cause accrues "where the 'wrong complained of was

5

committed.'" *Id.* Rather, this Court held that "a cause of action accrues when and originates where damages are sustained and capable of ascertainment." *Id.* Here, the damages accrued in Mexico, even if, as Appellants allege, the underlying cause of the damages arose in part from actions taken in Missouri, and thus the trial court did not abuse its discretion in so finding.

Second, the vast majority of the witnesses that could testify to the elements necessary to establish Appellants' claims for negligence, intentional tort, and wrongful death are located in Mexico. All of the Appellants are located in either Mexico or Texas, the witnesses to the accident all are located in Mexico, the witnesses to the conditions that Appellants allege to have caused the accident are located in Mexico, the members of the train crew involved in the accident are located in Mexico, the Mexican officials who investigated the cause of the accident are located in Mexico, and the medical providers who treated the victims of the accident are all located in Mexico. The trial would be aided by the familiarity with Mexican topography and easier access to the scene of the accident. While Appellants identified several potential witnesses located in Missouri with knowledge of the corporate structure of KCS and its operation of its subsidiary KCSM, on balance the trial court did not abuse its discretion in ruling that the overall convenience to the majority of witnesses to accident scene, the Appellants' medical treatment, and Appellants' damages favored forum in Mexico instead of Missouri. *See Skewes v. Masterchem Indus., Inc.*, 16 S.W.3d 92, 95 (Mo. App. E.D. 2005) (although plaintiff had some connection with Missouri, because accident scene, all witnesses to accident, and plaintiff's medical providers were all located in Canada, no abuse of discretion occurred in trial court finding Canada to be more convenient forum).

Third, because all of the parties but for KCS and KCSR resided outside of Missouri, this factor favors dismissal. In determining convenience, courts must consider the residence of the

6

parties. *See Anglim*, 832 S.W.2d at 302. While it is true that two of the defendant railroad corporations reside in Missouri, which could support a finding that forum in Missouri is convenient, KCSM—the defendant corporation that operated the train at issue—is located in Mexico and all of the Appellants are located in either Mexico or Texas. The Missouri Supreme Court has previously held that the residence of a defendant is "not inevitably controlling," especially when there are also defendants who do not reside in Missouri, as here. *Acapolon*, 827 S.W2d at 193. Thus, the trial court could logically have found this factor either favored or disfavored dismissal, and it concluded, after considering that the "overwhelming majority" of the parties were located in Mexico, this factor favored dismissal. Because no abuse of discretion occurs when reasonable persons could differ about the propriety of the action taken by the trial court, the trial court did not abuse its discretion here. *See Chandler*, 163 S.W.3d at 546.

Fourth, the trial court considered whether there was any nexus with Missouri, and it concluded that on balance, while there were some connections between the allegations and Missouri, the connections with Mexico were stronger and thus this factor favored dismissal. While Appellants argue on appeal that "any nexus" with the place of the lawsuit defeats a *forum non conveniens* motion, this Court has previously held that in this discretionary analysis, which involves weighing multiple factors, no one factor is dispositive. *Id*. at 551. Although there was some nexus here with Missouri, the trial court was permitted to assign that connection little weight in the overall balance of convenience after considering all of the circumstances. *See id.*; *see also Skewes*, 164 S.W.3d at 95 (affirming dismissal for *forum non conveniens* even though product was designed and manufactured in Missouri when total circumstances favored finding Canada more convenient forum). We see no abuse of discretion in the weight given to this factor by the trial court.

Fifth, the trial court found the public factor of the convenience to and burden upon the court to weigh the most heavily of all the factors in favor of dismissal. The trial court particularly noted the travel requirements for a very large number of witnesses, the physical distance from the place of the accident to Missouri, and the need for interpreters and document translation. While Appellants disagree with the trial court's discretionary conclusion, we see no abuse of the trial court's discretion here. While Appellants are correct that in an increasingly multicultural Missouri, the courts have the capability to provide translators as needed, part of the trial court's analysis in determining *forum non conveniens* is to consider whether a "trial in Missouri is an efficient use of the courts." *See Chandler*, 163 S.W.3d at 551. It is proper for trial courts to consider the inherent delays caused by translating documents and securing witnesses from a great distance away, the financial burden on the court to provide translators for over 100 plaintiffs and witnesses, and the burden on Missouri jurors and taxpayers from determining liability for an accident that occurred in Mexico with all Mexican victims involving a train and a bus both operated by Mexican companies. Such difficulties are why "less deference is accorded a plaintiff's choice in a case brought by a foreign national and in which the bulk of the operative facts took place in a foreign nation." *See Acapolon*, 827 S.W.2d at 192; *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (considering burden on local citizenry as part of public factor). Finally, we recognize that, even where there are ties to the local forum, a foreign forum can have a stronger interest in setting standards to protect its citizens within its borders. *See Chandler*, 163 S.W.3d at 551. Such are the circumstances here. Distilling Appellants' claim to its most basic element, Appellants asserted the accident was caused by insufficient railroad crossings. Certainly, Mexico's interest in controlling the railroad crossings

within its borders is greater than Missouri's. Under the circumstances here, we see no abuse of discretion in the trial court's determination that the public factor weighed in favor of dismissal.

Nevertheless, as noted previously, even where the trial court determines in its discretion that a local forum is substantially inconvenient, the court must also ensure there is an alternate available forum before it may dismiss the action for *forum non conveniens*. *See Acapolon*, 827 S.W.2d at 194. The law is clear that when a defendant declares it is "amenable to process" in the alternate jurisdiction and a cause of action exists under that jurisdiction's laws, this agreement satisfies the alternative-forum requirement. *See, e.g.*, *Piper*, 454 U.S. at 245 n.22; *de Melo v. Leerle Labs., Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1061 (8th Cir. 1986) (finding where defendants agreed to jurisdiction in Brazil, alternative forum was available). The remedy need not be identical to what is available in the U.S. for that forum to be considered available, so long as there is "some" remedy. *Piper*, 454 U.S. at 247. There does not appear to be significant dispute that Mexican law offers a remedy and thus is an available forum in that regard. Defendants submitted an affidavit from Enrique Espejel, an attorney in Mexico, who attested Mexican laws provide a cause of action for personal injury and authority for Mexican courts to enter judgment for money damages. The more difficult question for this Court, however, is whether Defendants are in fact amenable to process in this alternate forum.

Here, the trial court concluded that Mexico was an available forum, noting that KCS and KCSR had agreed both to submit themselves to the jurisdiction of a proper Mexican court having jurisdiction over KCSM if the suit was filed in Mexico within 120 days,[2] and to not raise as a defense the two-year statute of limitations *as to claims filed in Missouri before February 13,*

---

[2] During oral argument, there was some confusion about when this 120 period would begin or if it had already run, and this Court asked the parties to submit a stipulation providing clarification. In accordance with this Court's request, Defendants stipulated that the 120 days would begin to run on the date of issuance of this Court's mandate in this matter.

*2017*. Notably, Defendants did not agree not to raise the two-year statute of limitations as a defense against claims filed in Missouri after February 13, 2017, which would potentially exclude the more-than-forty-five Appellants who joined the suit in January of 2018.

Certainly, as to the fourteen Appellants who filed their claims in Missouri in 2016, an alternative forum is available in Mexico. *See Piper*, 454 U.S. at 245 n. 22; *de Melo*, 801 F.2d at 1061.[3] However, by limiting their stipulation to claims filed before February 13, 2017, Defendants have indicated their intention to challenge as time-barred under Mexican law the claims of the parties who entered the suit after February 13, 2017. When the claim is time-barred in another forum, the motion to dismiss for *forum non conveniens* should be denied and the failure to do so constitutes an abuse of discretion. *See Carijano v. Occidental Petrolum Corp.*, 643 F.3d 1216, 1235 (9th Cir. 2011). Here, there is justifiable reason to suspect, if Appellants attempt to file their claims in Mexico, Defendants will raise the statute of limitations as a defense against the Appellants' claims filed after February 13, 2017, and the majority of Appellants' claims would potentially be time-barred. Thus, Mexico is not, under the unique circumstances here, available as an alternate forum, and the trial court abused its discretion in dismissing Appellants' Third Amended Petition without ensuring Defendants would be amenable to process regarding all Appellants.

We note, however, that, had the trial court ordered Defendants to stipulate to not raise the statute of limitations as a defense to *all* claims filed in Missouri without the before-February-13 limitation, then this order would have the cured alternate-forum concerns. As such, had the trial

---

[3] To the extent Appellants speculate that the courts of Mexico may decline to proceed with the case despite Defendants' stipulation, this is not part of our analysis: the stipulation itself permits a trial court to find that an alternate forum is available. *See*, *e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 245 n.22 (1981); *de Melo v. Leerle Labs., Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1061 (8th Cir. 1986). Moreover, the record does not support Appellants' suggestion that Mexican courts would fail to honor an agreement between the parties. Rather, Defendants submitted an affidavit from Enrique Espejel, an attorney in Mexico, who attested that Mexican judges have authority to hear cases involving parties who "have either expressly or tacitly submitted themselves" to the authority of the court.

court ensured Defendants would not raise the statute of limitations as a defense against any of the claims by all the Appellants pending in Missouri, there would have been no abuse of discretion in the trial court's conclusions that Missouri was not the proper forum and Mexico was an available forum.

Last, in the event the trial court on remand enters an order ensuring all Appellants have an available forum in Mexico, it is appropriate here for this Court to also consider Appellants' criticism that Mexico is unavailable as a forum due to the dangers of litigating in Nuevo Leon, Mexico. Appellants submitted an affidavit dated November 11, 2010, from Jorge Raul Ojeda Santana, in which he attested he was an attorney in the city of Monterrey in Nuevo Leon, Mexico, which is the site of the federal court for the State of Nuevo Leon, Mexico. Mr. Santana enumerated eight incidents of violence in Monterrey, Mexico in 2010, including a bombing of the federal courthouse, which he asserted resulted in increasing difficulty in practicing law in Monterrey in 2010. The trial court found this affidavit "not persuasive" in establishing that Mexico was not an available forum, concluding that allegations of potential violence do not make a forum unavailable. Our review is for an abuse of discretion, and we view the evidence in the light most favorable to the trial court's ruling. *See Anglim*, 832 S.W.2d at 303. Absent an abuse of that discretion, we will defer to the trial court's determinations regarding the credibility and weight of evidence, even if the evidence could potentially support a different conclusion. *See McGowan v. McGowan*, 43 S.W.3d 857, 867 (Mo. App. E.D. 2001). The trial court may accept or reject all, part, or none of the testimony of a witness. *Id.* at 861. Under this standard of review, we see no abuse of discretion in the trial court's conclusion that an affidavit regarding a series of crimes that occurred in Monterrey, Mexico in 2010 was "not persuasive" in establishing

11

whether Monterrey was unavailable as a forum in 2018 due to the existing dangers associated with travel to the area.

Although the trial court did not abuse its discretion in finding Missouri to be an inconvenient forum or in finding Mexico to be an available forum were Defendants to be amenable to process there, because the trial court did not adequately ensure Defendants would waive the statute of limitations as to the claims of *all* Appellants, we must conclude the record does not show Mexico is an available forum for Appellants.

Point granted.

## Conclusion

The judgment of the trial court granting Defendants' motions to dismiss Appellants' Third Amended Petition on the basis of *forum non conveniens* is reversed and remanded for the trial court to determine whether Mexico is an available forum for *all* Appellants, regardless of when they joined the suit, as discussed in this opinion.