965 P.2d 802

**Richard A. LESSER and Hruska and Lesser, a Law Partnership, Plaintiffs–Appellants,**

v.

**James D. BOUGHEY and Boughey, Garvie and Bushner, a Law Partnership, Defendants–Appellees**

No. 21331.

Supreme Court of Hawai‘i.

Oct. 27, 1998.

Dennis W.E. O'Connor, of Reinwald O'Connor & Playdon, On the Briefs, for Plaintiffs-Appellants.

Sidney K. Ayabe and Diane W. Wong, of Ayabe, Chong, Nishimoto, Sia & Nakamura, Honolulu, for Defendants-Appellees.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

This appeal arises from the first circuit court's order dismissing the complaint of plaintiffs-appellants Richard Lesser and Hruska and Lesser, a Law Partnership [hereinafter, Lesser] on the grounds of forum non conveniens.

On February 21, 1997, Lesser filed a complaint against defendants-appellees James Boughey, and Boughey, Garvie and Bushner, a law partnership [hereinafter Boughey] in the first circuit court. On June 30, 1997, Boughey filed a motion to dismiss the complaint on the grounds of forum non conveniens and two other motions not relevant to this appeal. The trial court heard arguments on July 22, 1997, and entered an order granting Boughey's motion on September 17, 1997. Lesser appeals this order.[1]

On appeal, Lesser contends that the circuit court erred in granting Boughey's motion to dismiss the complaint. Because the circuit court did not abuse its discretion, we affirm.

## I. BACKGROUND

This case involves a dispute between two attorneys[2] who reside in California. Lesser's principal law office is in Redondo Beach, California, and Boughey's principal law office is in San Francisco, California. Both Lesser and Boughey are licensed to practice law in California and Hawaii. Lesser is suing Boughey for allegedly defaming him during the course of another case, *Mudry v. Captain Nemo's Ocean Emporium, et al.*, Civil No. 94–0265, filed in the second circuit court.[3]

Specifically, Lesser's complaint tells the following story: Lesser and Boughey served as attorneys for co-defendants in the *Mudry* case. Lloyd's of London retained Lesser to defend Captain Nemo's Ocean Emporium and Boughey to defend another named de-

---

1. As a preliminary matter, we note that Lesser's brief fails to comply with HRAP 28(b)(4) insofar as it completely omits the statement of points of error. Although "failure to comply with HRAP 28(b)(4) is alone sufficient to affirm the judgment of the circuit court," *O'Connor v. Diocese of Honolulu*, 77 Hawai'i 383, 385, 885 P.2d 361, 363, *reconsideration denied*, 77 Hawai'i 489, 889 P.2d 66 (1994) (citing HRAP 28(b)(4)), this court has a policy *"to permit litigants to appeal and to have their cases heard on the merits, where possible." Id.* at 386, 885 P.2d at 364 (emphasis added). Given this policy, and the fact that it is possible to discern the point of error upon which Lesser relies, Lesser's arguments are addressed below.

2. Although this dispute nominally involves the respective law firms to which Lesser and Boughey are members, the core allegations center on the allegedly defamatory statements and writings of Boughey.

3. In addition to the defamation claim, Lesser's complaint alleged separate counts of "unfair and deceptive acts and practices," "interference with a business relationship and prospective advantage," and "fraud and injurious falsehoods." Inasmuch as all of these claims for relief are based on the same alleged conduct giving rise to his defamation claim, they do not alter our analysis or change the result of this opinion.

262

fendant, Eric Jacobson. In accordance with the practice of London-based insurers, Boughey was retained by this client through a firm of Lloyd's brokers called S.B.J. Marine & Energy (S.B.J.), and Boughey communicated with the insurers through this firm.

During the course of the *Mudry* litigation, Boughey sent reports to S.B.J. regarding the progress of the case. In those reports, Boughey allegedly made defamatory statements regarding Lesser's capabilities as a lawyer and his ability to represent Captain Nemo's interests. Boughey wrote the reports in California and transmitted them to London, S.B.J.'s and Lloyd's place of business. Prior to the alleged defamation, Lloyd's and S.B.J. regularly employed Lesser to represent their insureds, but afterwards they never again hired Lesser.

Based on these facts, Lesser filed suit against Boughey in the first circuit court on February 21, 1997. On June 30, 1997, Boughey filed a motion to dismiss the complaint on the grounds of forum non conveniens, which the trial court granted on September 17, 1997. Lesser filed a motion for reconsideration that was denied, and thereafter, Lesser timely filed this appeal.

## II. *DISCUSSION*

### 1. *Standard of Review*

■ This court has long recognized that it is inappropriate to disturb a trial court's order granting a motion to dismiss the complaint on the grounds of forum non conveniens unless the trial judge committed an abuse of discretion. *See Territory of Hawai'i v. Gay*, 32 Haw. 404, 414 (1932); *Harbrecht v. Harrison*, 38 Haw. 206, 209 (1948).

### 2. *The Trial Court Did Not Abuse Its Discretion In Granting Boughey's Motion To Dismiss On the grounds of forum non conveniens.*

■ This court has previously described the doctrine of forum non conveniens as "the

discretionary power of a court to decline to exercise a possessed jurisdiction whenever it appears that the cause before it may be more appropriately tried elsewhere." *Gay*, 32 Haw. at 415–416 (citation and internal quotes omitted). For the doctrine to apply, therefore, an alternative forum must exist and the defendant must be amenable to process in the alternative forum. *Harrison*, 38 Haw. at 210; *see also* Restatement (Second) of Conflict of Laws § 84 (1971) ("A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action[,] provided that a more appropriate forum is available to the plaintiff.")

■ Relying on comment c of the Restatement (Second) of Conflict of Laws § 84 [hereinafter the Restatement], Lesser contends that the trial court failed to properly consider the plaintiff's choice of forum. Specifically, Lesser argues that "since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons." In support of this proposition, Lesser relies on this court's decision in *Harrison* and the fact that *Harrison*, in turn, relied on *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Lesser's reliance on each of these cases, however, is misplaced.

In *Harrison*, this court cited the United States Supreme Court's decision in *Gilbert* for the proposition that "jurisdiction ... must be assumed, if the defendant or respondent[ ] ... is not subject to process in the state that he claims is the more appropriate and convenient forum[.]" *Harrison*, 38 Haw. at 209–10. *Harrison* ultimately held that the doctrine of forum non conveniens did not apply because the respondent in that case refused to submit to process in the alternative jurisdiction. *Id.* at 210–11. Here, by contrast, the trial court specifically noted that Boughey agreed to "accept service of process in California and toll the applicable statute of limitations so that [Lesser] can refile the[ ] action in California." [4] Thus, a

---

4. Boughey, in a declaration attached to his motion to dismiss on the grounds of forum non conveniens, agreed "not to raise any statute of limitations defense" provided the case was "refiled in 1997." As noted above, the trial court granted Boughey's motion on September 17, 1997. Lesser, therefore, had roughly three and a half months within which to refile this action in California. Instead, Lesser filed a motion for reconsideration, which the trial court denied on

suitable alternative forum existed in which to try Lesser's claim for relief.

■ The next question, then, is whether Lesser's "cause . . . may be more appropriately tried [in California]." *Gay*, 32 Haw. at 416. Citing *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839, Lesser correctly notes that "unless the balance [of factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." However, as Boughey also correctly points out, the Supreme Court has repeatedly emphasized the need to retain flexibility in deciding whether to dismiss an action based on the doctrine of forum non conveniens. In cases more recent than *Gilbert*, the Supreme Court has noted: "[E]ach case turns on its facts. If central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249–50, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (citations and internal quotes omitted), *reh'g denied*, 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982). Thus, although the plaintiff's choice of forum is an important factor, "if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Id.* at 255–56 n. 23, 102 S.Ct. 252.

The facts of this case demonstrate the wisdom of the foregoing rule. As noted above, the trial court guaranteed an alternative forum by expressly conditioning his order upon Boughey's agreement to accept service of process and waive any statute of limitations defense in California. Additionally, the trial court weighed the "balance of conveniences" by analyzing the private interest of the litigants and public interest factors. Based on these interests and factors, the trial court entered the following relevant findings:

> With regard to the private factors, the "relative ease of access to sources of proof" and the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing[,] witnesses," the sources of proof and all of the essential witnesses, including Lesser, Boughey and the recipients of the disputed communications, are in California or locations other than Hawaii. Regarding all "other practical problems that make a trial a[sic] case easy, expeditious and inexpensive," the key factors are (1) pertinent documents and exhibits are located in California or locations other than Hawaii, and (2) the expenses of transportation, lodging and other incidental costs for the parties and witnesses who will have to come to Hawaii for discovery and/or trial.

> With regard to the public factors, the "administrative difficulties flowing from Court congestion" is a concern in the First Circuit Court. As to the "local interest in having localized controversies decided at home," there does not appear to be a Hawaii localized controversy in this case; while the underlying case was filed on Maui, the controversial reports were written in California and reviewed in London. Essentially, this is a dispute between attorneys that reside in California and maintain their principal offices and principal law practices in California. The fact that the underlying case was filed on Maui is incidental to this action . . . . a Hawaiian court and jury has little or no interest in deciding this dispute between two California residents.

Looking at the record—particularly Lesser's complaint and the transcript of the hearing on Boughey's motion to dismiss—it is clear that the trial court did not abuse its discretion. Both Lesser and Boughey reside in California. Although they are members of the Hawai'i bar, their principal law offices are also located in California. The allegedly actionable reports were written in Boughey's California offices and sent to Lloyd's in London. The principal witnesses primarily live and work in California and London.

Additionally, the trial court appropriately considered the public interest factors in-

December 17, 1997—a full two weeks before Boughey's waiver of any statute of limitations defense lapsed. Therefore, at the time the trial court issued the order granting Boughey's motion to dismiss on the grounds of forum non conveniens, and even at the time it denied Lesser's motion for reconsideration, an alternative suitable forum existed.

volved. As the United States Supreme Court noted in *Gilbert*, the case upon which Lesser so heavily relies, courts *should* consider case load congestion and the fact that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839. Thus, the trial court properly took notice of congestion in the first circuit and the fact that "a Hawaiian court and jury has little or no interest in deciding this dispute between two California residents." The present action is only incidentally related to the *Mudry* litigation that took place on Maui.[5]

Although the trial court did not expressly consider the importance of the plaintiff's choice of forum, the court's analysis of the private litigants' interests and public interest factors justified its order dismissing the complaint on the grounds of forum non conveniens. Put another way, sufficiently "weighty reasons" existed for the trial court to "disturb" the plaintiff's choice of forum, and a "suitable alternative forum [was] available to the plaintiff." Restatement (Second) of Conflict of Laws § 84, comment c.

Based on these facts, the trial court did not abuse its discretion when it concluded "after thorough consideration of all the private and public factors, ... that this action can and should be litigated in California and not Hawaii." *See also Piper Aircraft*, 454 U.S. at 257, 102 S.Ct. 252 (stating that "where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference"). In the present action, the trial court's balancing of factors was reasonable. It would be inappropriate, therefore, to disturb the trial court's order granting Boughey's motion to dismiss. *See Gay*, 32 Haw. at 414; *Harrison*, 38 Haw. at 209.

Accordingly, we hold that the trial court did not abuse its discretion in granting Boughey's motion to dismiss.

**III.  CONCLUSION**

For the foregoing reasons, we affirm the trial court's order granting Boughey's motion to dismiss the complaint on the grounds of forum non conveniens.

---

5.  The fact that Boughey represented a codefendant in the *Mudry* litigation is a red herring. If Boughey were unconnected to the *Mudry* litigation but all other facts in Lesser's complaint were the same, it would be clear that Hawaii's connection to the alleged defamation would be nonexistent. The connection to Hawai'i does not increase where, as here, Boughey happened to represent a codefendant in *Mudry*, although all allegations regarding possible defamation rest on conduct that occurred outside Hawai'i.