**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000560**
**05-MAY-2026**
**08:36 AM**
**Dkt. 55 MO**

NO. CAAP-24-0000560

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ALLISON CAETANO, Plaintiff-Appellant,
v.
HAWAIIAN AIRLINES, INC., Defendant-Appellee,
and DOE PERSONS 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10;
DOE UNINCORPORATED ORGANIZATIONS 1-10; and
ROE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0001370)

**MEMORANDUM OPINION**
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Allison **Caetano**'s cat was killed while in the custody of Hawaiian Airlines, Inc. (**HA**) in Los Angeles. She sued HA in Hawaiʻi. The Circuit Court of the First Circuit granted HA's motion to dismiss based on *forum non conveniens*.[1] Caetano appeals from the **Final Judgment** for HA. She challenges the *Findings of Fact, Conclusions of Law and Order* granting HA's motion to dismiss, and the *Order Granting Defendant Hawaiian Airlines, Inc.'s Motion for Attorneys' Fees*.

We hold that the circuit court acted within its discretion by dismissing Caetano's lawsuit based on *forum non conveniens*, but acted outside its discretion by dismissing the action with prejudice, and by not conditioning the dismissal on HA's agreement to waive any statute of limitations defense

---

[1] The Honorable Dean E. Ochiai presided.

provided Caetano filed suit in California within a reasonable time.  We vacate the Final Judgment and the orders granting HA's motion to dismiss and awarding attorney fees, and remand to the circuit court with instructions.

## I.  BACKGROUND

Caetano booked an HA flight from Los Angeles International Airport (**LAX**) to Honolulu.  On April 8, 2022, she checked in her cat, **Nubis**, to travel in the baggage compartment.  After Nubis was checked in, he escaped from his kennel and was fatally hit by a bus on the LAX tarmac.

Caetano sued HA on November 2, 2022.  Her complaint alleged negligence, gross negligence, negligent infliction of emotional distress, breach of contract, negligent supervision, and intentional infliction of emotional distress.

On October 13, 2023, HA moved to dismiss based on *forum non conveniens*.  The motion was heard on November 14, 2023.  The record does not contain a transcript of the hearing because Caetano failed to deposit the required fee.[2]  HA's motion was granted; Caetano's complaint was dismissed with prejudice.  The Final Judgment was entered on August 13, 2024.  HA timely moved for an award of $55,315.65 in attorney fees.  The circuit court granted the motion in part, awarding $26,323.55 including Hawaiʻi general excise tax.[3]  Caetano appeals.

## II.  POINTS OF ERROR

Caetano's opening brief states two points of error.  She contends the circuit court erred by **(1)** granting HA's motion to dismiss, and **(2)** granting HA's motion for attorney fees.

## III.  STANDARDS OF REVIEW

We review an order granting a motion to dismiss based on *forum non conveniens* for abuse of discretion.  <u>UFJ Bank Ltd. v. Ieda</u>, 109 Hawaiʻi 137, 142, 123 P.3d 1232, 1237 (2005).

---

[2]     <u>See</u> Hawaiʻi Rules of Appellate Procedure Rule 10(b)(1)(C).

[3]     The Honorable Lisa W. Cataldo presided.

Caetano does not challenge the circuit court's findings of fact, including those labeled as conclusions of law,[4] or mixed findings and conclusions. <u>See</u> Hawai‘i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(C). Unchallenged findings of fact are binding on appeal. <u>Okada Trucking Co. v. Bd. of Water Supply</u>, 97 Hawai‘i 450, 459, 40 P.3d 73, 82 (2002).

## IV. DISCUSSION

*Forum non conveniens* gives a court discretion to decline to exercise jurisdiction over a case that may be more appropriately tried in another forum. <u>UFJ Bank</u>, 109 Hawai‘i at 145, 123 P.3d at 1240. An alternative forum must exist and the defendant must be amenable to process in the alternative forum for the doctrine to apply. <u>Id.</u>

### A. HA did not waive *forum non conveniens*.

Caetano argues that HA waived its *forum non conveniens* argument because it "waited almost a year to file their instant motion even though they knew right away all the facts that they raised in their motion." She relies on <u>Estate of I.E.H. v. CKE Restaurants, Holdings, Inc.</u>, 995 F.3d 659 (8th Cir. 2021).

There, the motion to dismiss was filed 18 months after the complaint was filed, after the discovery cutoff. <u>Id.</u> at 662. CKE knew all facts relevant to its *forum non conveniens* argument when the complaint was filed. <u>Id.</u> at 664. Under those circumstances, the federal court of appeals held that "the motion should have been filed earlier than 18 months after [the plaintiffs] filed their complaint and earlier than the end of the discovery period prior to trial." <u>Id.</u> at 665.

Here, Caetano's complaint was filed on November 2, 2022. HA answered on December 2, 2022, and asserted *forum non conveniens* as an affirmative defense. The scheduling conference

---

[4] The label of a finding of fact or a conclusion of law does not determine the standard of review because the accuracy of the label affixed by the trial court is freely reviewable by an appellate court. <u>Cf.</u> <u>Kilauea Neighborhood Ass'n v. Land Use Comm'n</u>, 7 Haw. App. 227, 229, 751 P.2d 1031, 1034 (1988) (concerning administrative agency's findings and conclusions).

was set for January 30, 2023, but was continued by stipulation to March 1, 2023. A settlement conference was set for April 26, 2023. A 4-day jury trial was set for February 26, 2024.

HA's motion to dismiss was filed on October 13, 2023. The circuit court found, and Caetano does not dispute, that:

> 28. On April 26, 2023, [Caetano] and Hawaiian Airlines participated in an early settlement conference.
>
> 29. [Caetano] participated remotely in the settlement conference from California.
>
> 30. Hawaiian Airlines made a good faith attempt to resolve the instant case through participation in the settlement conference.
>
> 31. The parties have propounded no other written discovery [besides Caetano's initial disclosures] in this matter, depositions have not been taken and no other motions practice (other than the instant Motion [to dismiss]) has occurred.
>
> . . . .
>
> 40. As set forth above, in this case, neither party has propounded written discovery, nor have any depositions been taken, nor has any motions practice occurred other than the instant Motion. Accordingly, substantial progress has not been made in this litigation.
>
> 41. Furthermore, the Court holds that Hawaiian Airlines did not unduly delay in filing its Motion, nor was there any dilatory intent on the part of Hawaiian Airlines with respect to the timing of the Motion, because Hawaiian Airlines made a good faith attempt to resolve the case via a settlement before filing its Motion, including participating in a settlement conference with the Court.
>
> 42. Consequently, the Court holds that the Motion was timely filed.

(Citations omitted.)

On this record, the circuit court acted within its discretion by holding that HA's motion to dismiss had been timely filed — that is, there was no unreasonable delay that prejudiced Caetano.

**B.    An alternative forum was conditionally available.**

Caetano argues that an "alternative forum is not practically available." "An alternative forum ordinarily exists when *all* defendants are amenable to service of process in the foreign forum." UFJ Bank, 109 Hawaiʻi at 145, 123 P.3d at 1240.

4

HA is registered to do business in California and is amenable to service of process there.  California appears to be an alternative forum.

However, Nubis died on April 8, 2022.  The California statute of limitations on Caetano's tort claims could be three years.  See Cal. Civ. Proc. Code § 338(c)(1) (2022) (three years for "action for taking, detaining, or injuring goods or chattels").  An alternative forum is not available "if the plaintiff's cause of action would elsewhere by barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state."  Johnson v. G.D. Searle & Co., 314 Md. 521, 530, 552 A.2d 29, 33 (1989) (quoting Restatement (Second) of Conflict of Laws § 84, Comment c (1971)).

In Lesser v. Boughey, 88 Hawaiʻi 260, 965 P.2d 802 (1998), the supreme court noted that "the trial court guaranteed an alternative forum by expressly conditioning [its] order upon Boughey's agreement to accept service of process *and waive any statute of limitations defense in California*."  Id. at 263, 965 P.2d at 805 (emphasis added).

The statute of limitations issue was not raised with the circuit court, apparently because a lawsuit by Caetano in California would not then have been time-barred.  We ordered supplemental briefing on it, under HRAP Rule 28(b)(4).

HA's supplemental brief argued that the minutes of the November 14, 2023 hearing on its motion to dismiss show the court orally granted the motion.  According to HA, no applicable California statute of limitations had then expired; Caetano should have immediately filed suit in California; she instead filed this appeal and "offers no explanation for her delay in filing suit in California."

The record reflects a reason for Caetano's apparent reticence to file a second suit against HA without pursuing this appeal.  The circuit court's order granting HA's motion to dismiss stated "the case is dismissed in Hawaiʻi WITH PREJUDICE on the ground of *forum non conveniens*."  HA argues the words "in Hawaiʻi" would "avoid[] any possible confusion on the part of the

5

California court that the action could not be litigated on the merits in California."  But that is just speculation about how a California court might interpret the ambiguous Hawaiʻi order. And the Final Judgment unqualifiedly states the order "dismissed all claims in the case with prejudice as to all Defendants."  The language of the Final Judgment shows it was a judgment on the merits of Caetano's claims.

A new case filed in California may also have been subject to abatement because this appeal is pending.  See Hawaiian Airlines, Inc. v. Dep't of Tax'n, 158 Hawaiʻi 1, 6, 581 P.3d 1232, 1237 (App. 2025) (discussing abatement), cert. rejected, SCWC-24-0000496, 2026 WL 883991 (Haw. March 31, 2026).

The possible three-year California statute of limitation expired while this appeal was pending.  Thus, HA's proffered alternative forum may only be available if HA waived a statute of limitations defense.

> **C.     The circuit court appropriately balanced the private interests of the litigants and the public interest factors.**

Caetano argues "she is a full-time resident of Hawaiʻi with limited means and resources and has been since April of 2022."  She maintains she "cannot afford to travel to California nor to litigate the case there."  That argument goes to the "balance of conveniences" analysis.  "[A]lthough the plaintiff's choice of forum is an important factor, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper."  Lesser, 88 Hawaiʻi at 263, 965 P.2d at 805 (quotation marks omitted).

A court deciding a *forum non conveniens* motion must balance "the private interest of the litigants and public interest factors."  Lesser, 88 Hawaiʻi at 263, 965 P.2d at 805.

Private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems

6

> that make trial of a case easy, expeditious and inexpensive.
> There may also be questions as to the enforcibility [sic] of
> a judgment if one is obtained. The court will weigh
> relative advantages and obstacles to fair trial. It is
> often said that the plaintiff may not, by choice of an
> inconvenient forum, 'vex,' 'harass,' or 'oppress' the
> defendant by inflicting upon him expense or trouble not
> necessary to his own right to pursue his remedy. But unless
> the balance is strongly in favor of the defendant, the
> plaintiff's choice of forum should rarely be disturbed.

Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (footnote omitted).

> Public interest factors include:

> Administrative difficulties follow for courts when
> litigation is piled up in congested centers instead of being
> handled at its origin. Jury duty is a burden that ought not
> to be imposed upon the people of a community which has no
> relation to the litigation. In cases which touch the
> affairs of many persons, there is reason for holding the
> trial in their view and reach rather than in remote parts of
> the country where they can learn of it by report only.
> There is a local interest in having localized controversies
> decided at home. There is an appropriateness, too, in
> having the trial of a diversity case in a forum that is at
> home with the state law that must govern the case, rather
> than having a court in some other forum untangle problems in
> conflict of laws, and in law foreign to itself.

Id. at 508-09.

Here, the circuit court conducted a lengthy analysis of the parties' relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; the possibility of a jury view; administrative difficulties; jury duty burden and local interest; and court congestion.

The circuit court found and concluded that Caetano claimed to be a Hawaiʻi resident, but her declaration "is devoid of any actual facts that would establish residency, such as a residential address or employment information."

Caetano's initial disclosures showed the only evidence she had that HA did not have, or that was not in California, were the crates in which her cats were stored at LAX.

Other than Caetano herself, every potential witness identified was in California. HA would incur substantial lodging and incidental costs for its California-based witnesses if the

case were tried in Hawaiʻi,[5] while it would be relatively inexpensive for Caetano to try the case in California because she'd be the only witness required to travel to California and she's shown an ability to do so (when she participated in the settlement conference by Zoom from California).

The circuit court rejected Caetano's argument that witness costs could be resolved by allowing testimony by Zoom, stating, "It is well-recognized that in-person testimony is preferable to videoconferencing or other remote means of testifying. . . . [HA]'s concerns regarding its key witnesses testifying remotely in this case are amplified given that [Caetano] has demanded a jury trial."

Given the case facts — Nubis escaping from his kennel and making his way to the LAX tarmac, HA "and several airport agencies" conducting "an intensive search for the cat" which, while airport police were trying to collect him, "darted in front of a bus and was hit and did not survive" — the circuit court noted a jury site visit could be appropriate.

On the public interest factors, the circuit court stated "the origin of this dispute is in California at LAX. As such, litigation concerning a California dispute would, under the instant circumstances, be better handled in California and Hawaiʻi courts should not be burdened with such a California-centric dispute." The court also stated, "Dismissing this case so that it may be tried in California will serve the interests of avoiding unnecessary court congestion in Hawaiʻi, and of not imposing jury duty on the people of Hawaiʻi, who have no relation to, or interest in, this litigation. Additionally, California has an interest in resolving this localized controversy arising out of an incident that occurred at LAX."

The circuit court's mixed findings and conclusions were supported by substantial evidence in the record, and were not

---

[5]     HA's Los Angeles Station General Manager Daniel Castro submitted a declaration stating, "Myself, Hawaiian Airlines' LAX Manager Chasity Wills, and LAX Operations Manager Maritza Leanos, and Darren Horio, the Hawaiian Airlines' [sic] agent who checked in Plaintiffs [sic] cats at the Hawaiian Airlines LAX special services counter, are all based at LAX and reside in California."

clearly erroneous.  See Cowan v. Exclusive Resorts PBL1, LLC, 156 Hawaiʻi 268, 272, 574 P.3d 288, 292 (2025) (stating that a conclusion presenting mixed questions of fact and law is reviewed under the *clearly erroneous* standard because it implicates the facts and circumstances of that case).

On this record, we conclude the circuit court acted within its discretion by dismissing Caetano's lawsuit based on *forum non conveniens*, but acted outside its discretion by dismissing the action with prejudice, and by not conditioning the dismissal on HA's agreement to waive any statute of limitations defense provided Caetano filed suit in California within a reasonable time.  Lesser, 88 Hawaiʻi at 263, 965 P.2d at 805.

### D.   The order awarding HA attorney fees is vacated.

Because we are vacating the Final Judgment, we also vacate the September 27, 2024 *Order Granting Defendant Hawaiian Airlines, Inc.'s Motion for Attorneys' Fees*.  See Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawaiʻi 417, 420, 493 P.3d 939, 942 (2021) (stating that "an award of attorneys' fees is inappropriate where the underlying judgment is vacated").  We express no opinion about whether HA was or is a prevailing party.

## V. CONCLUSION

The February 6, 2024 *Findings of Fact, Conclusions of Law and Order* granting HA's motion to dismiss Caetano's complaint, the August 13, 2024 *Final Judgment*, and the September 27, 2024 *Order Granting Defendant Hawaiian Airlines, Inc.'s Motion for Attorneys' Fees* are vacated, and this case is remanded to the circuit court.

On remand, if HA agrees to waive any potential statute of limitations defense for an amount of time reasonable to allow Caetano to file suit in California, the circuit court should enter an amended order dismissing Caetano's complaint without prejudice based on *forum non conveniens*.  Because the order would not be a decision on the merits of Caetano's claims, the Hawaiʻi Rules of Civil Procedure Rule 58 judgment should state only that

9

all claims in Caetano's complaint are dismissed without prejudice based on *forum non conveniens*; it should not be entered for or against any party.

If HA does not agree to waive any potential statute of limitations defense for a reasonable period of time, the circuit court should enter an order denying HA's motion to dismiss.

DATED: Honolulu, Hawaiʻi, May 5, 2026.

On the briefs:

Bosko Petricevic,
for Plaintiff-Appellant
Allison Caetano.

Joachim P. Cox,
Robert K. Fricke,
Abigail M. Holden,
for Defendant-Appellee
Hawaiian Airlines, Inc.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge